IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERY YATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2222-JDT-cgc |
| | ) | |
| JAMES M. LAMMEY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER,

The *pro se* prisoner Plaintiff, Jeffery Yates, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and paid the civil filing fee. (ECF Nos. 2 & 4.) Following service of process, the Defendant, James M. Lammey, filed a motion to dismiss. (ECF No. 8.) The Court issued an order on March 20, 2017 that, *inter alia*, granted the motion to dismiss on the basis of judicial immunity. (ECF No. 28.) Judgment was entered on March 21, 2017. (ECF No. 29.)

On April 3, 2017, Plaintiff filed a motion to reconsider the order of dismissal. (ECF No. 30.) The Court construes the motion to reconsider as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and/or a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b).

The purpose of Rule 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). It "is not intended to relitigate matters already decided by the Court." *Windsor v. A Federal Executive Agency*,

614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985).  A court may alter or amend its judgment because of an intervening change in the controlling law, newly discovered evidence, or to correct a clear error of law or prevent a manifest injustice. *Franklin v. Francis*, 36 F. Supp.2d 1008, 1010 (S.D. Ohio 1999) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir.1973)).

Under Rule 60(b) "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

>   (1)   mistake, inadvertence, surprise, or excusable neglect;
>   (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3)   fraud . . . , misrepresentation, or misconduct by an opposing party;
>   (4)   the judgment is void;
>   (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6)   any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).  For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Legal errors fall within the definition of "mistake" under Rule 60(b)(1). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). However, Rule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

The Court is unpersuaded that relief from the order granting Defendant's motion to dismiss would be appropriate. Plaintiff's motion to reconsider consists merely of a re-statement and re-argument of his claims. Nothing in the motion demonstrates that the order of dismissal was erroneous. Therefore, the motion to reconsider is DENIED.

IT IS SO ORDERED.

        s/ **James D. Todd**
        JAMES D. TODD
        UNITED STATES DISTRICT JUDGE